# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Tracy Mobley, ) | C/A No. 0:19-3223-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| George Alexander Underwood, ) | ORDER |
| a/k/a "Big A"; Matthew Faile; ) | |
| David Ford; Terry Brian ) | |
| Sanders; Burley McDaniel; Chris ) | |
| Skidmore; John Joas; and an ) | |
| Unknown Number of John Does; ) | |
| Each in Their Individual and ) | |
| Official Capacities, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the court on the motion [ECF No. 27] of defendant George Alexander Underwood ("Underwood") to stay this case brought by Tracy Mobley ("Plaintiff") pending the resolution of the criminal charges against Underwood. Plaintiff having filed a response [ECF No. 29] and the time for filing a reply having passed, the motion is ripe for disposition. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.). For the following reasons, Underwood's motion to stay is denied.

I.  Factual Background

Plaintiff filed this action against defendants on October 4, 2019, in the Chester County Court of Common Pleas alleging both state and federal claims related to his arrest on October 5, 2016. This matter was removed to this court on or about November 14, 2019. [ECF No. 1].

According to the complaint, in October 2016, Underwood and the other defendants wrongfully entered Plaintiff's property and attacked him. [ECF No. 1-1 at ¶¶ 10–18]. Plaintiff alleges he was attacked by uniformed officers, who Plaintiff had suspected were prowlers in the wooded areas surrounding his home. *Id.* After physically beating him, the defendants cuffed and arrested Plaintiff. *Id.* Afterwards, Underwood allegedly choked Plaintiff—who was still in handcuffs—in the back of a police car. *Id.* at 19. According to the complaint, Plaintiff was detained overnight and wrongfully charged with various crimes.[1] *Id.* at 20–22.

In 2019, Underwood was indicted for several matters related to misconduct in office as the Sheriff of Chester County and depriving Chester County citizens of their civil rights. [ECF No. 27-1]. Since the initial indictment, various superseding indictments have alleged additional serious

---

[1] The complaint does not contain the result of the criminal charges against Plaintiff, but Plaintiff's response to the motion to stay indicates the charges were "eventually dropped or resolved in Plaintiff's favor." [ECF No. 29 at 2].

2

misconduct by Underwood while acting as Sheriff of Chester County. *Id.* No indictment has alleged Underwood committed any crime based on the allegations in Plaintiff's complaint.

II.   Discussion

    A.   Standard on a Motion to Stay

"[T]he Constitution does not mandate the stay of civil proceedings in the face of criminal proceedings," although this court has the inherent authority to stay certain cases. *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) (quoting *Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 530 (S.D. W. Va. 2005)). Accordingly, whether to stay this case is left to the court's discretion. *Id.* at 375.

While the Constitution does not mandate a stay of civil proceedings pending the outcome of criminal proceedings, a court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions when the interests of justice require. *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980); *Crawford & Sons, Ltd. v. Besser*, 298 F.Supp.2d 317, 319 (E.D.N.Y. 2004) (stating that the denial of a stay of civil proceedings based upon parallel and related criminal action "may undermine the defendants' Fifth Amendment privilege against self-incrimination; expose the basis of the defendants'

3

criminal defense in advance of trial; or otherwise prejudice the criminal or civil case").

B.   Analysis

The criminal indictments against Underwood do not involve the incident at issue in this civil case, and Underwood has provided no information suggesting the indictments will be superseded to include charges related to the specific incident alleged in Plaintiff's complaint. Courts generally do not stay civil cases when there is no imminent indictment based on the alleged civil misconduct. *See, e.g., Universal Elections*, 729 F.3d at 379 ("Stays generally are not granted before an indictment has issued."). "[T]he requirement of the existence of a nexus between the parallel proceedings sufficient to show that such proceedings are related and involve substantially similar issues is the threshold factor for a stay." *Harbour Town Yacht Club Boat Slip Owners Ass'n v. Safe Berth Mgmt.*, 411 F. Supp. 2d 641, 644 (D.S.C. 2005) (citing *Ashworth*, 229 F.R.D. at 531). In addition, a defendant's request for a stay must be balanced with the plaintiff's interest in obtaining a prompt resolution. The court must also balance any substantial harm to the civil claimant and his interest in obtaining a prompt and fair resolution of the civil action in which he may have an interest against the moving party's interest in preserving the integrity of his criminal investigation and the narrow scope of criminal discovery. *Id.*

Although Underwood argues Plaintiff's discovery requests are aimed at discovering matter related to the criminal charges, Underwood may seek a protective order to the extent the information sought is not related to a claim or defense in this case. In addition, Underwood may always assert his Fifth Amendment rights, as applicable. *See Baxter v. Palmigiano*, 425 U.S. 308, 316 ("[T]he Fifth Amendment not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.") (quoting *Lefkowitz v. Turkey*, 410 U.S. 70, 77 (1972)). Given the lack of a direct link between Underwood's criminal charges and the incident at issue in Plaintiff's complaint, the undersigned finds the interest of justice do not require a stay in this matter.

III. Conclusion

For the foregoing reasons, Underwood's motion for a stay is denied and the parties are to proceed in discovery. A separate amended scheduling order will issue.

IT IS SO ORDERED.

November 20, 2020
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

5