# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Tracy Mobley, ) | C/A No. 0:19-3223-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| George Alexander Underwood, ) | |
| a/k/a "Big A"; Matthew Faile; ) | |
| David Ford; Terry Brian ) | |
| Sanders; Burley McDaniel; Chris ) | ORDER |
| Skidmore; John Joas; and an ) | |
| Unknown Number of John Does; ) | |
| Each in Their Individual and ) | |
| Official Capacities, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the court on Plaintiff's motion to substitute pursuant to Fed. R. Civ. P. 25(d). [ECF No. 39]. Both George Alexander Underwood ("Underwood") and Matthew Faile, David Ford, Terry Brian Sanders, Burley McDaniel, Chris Skidmore, and John Joas (collectively "officer defendants") filed responses [ECF Nos. 44, 45], to which Plaintiff filed a reply [ECF No. 49]. The motion is ripe for disposition. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.). For the following reasons, Plaintiff's motion is granted.

1

I.   Factual Background

Plaintiff filed this action against Underwood and officer defendants (collectively "Defendants") on October 4, 2019, in the Chester County Court of Common Pleas, alleging both state and federal claims related to his arrest on October 5, 2016, in which Plaintiff alleges Underwood personally participated. [ECF No. 1-1]. All claims are brought against Defendants in their individual and official capacities. *Id.* This matter was removed to this court on or about November 14, 2019. [ECF No. 1].

Plaintiff alleges in his complaint that at the time of filing this suit, Underwood "formerly held the elected Constitutional office of Sheriff of Chester County, South Carolina" and "was removed from office by action of the Governor of South Carolina on or about May 7, 2019" after Underwood and others were indicted on federal charges unrelated to allegations made by Plaintiff in his complaint. [ECF No. 1-1 ¶ 2, *see also* ECF No. 30 at 3)].

On May 7, 2019, Governor Henry McMaster issued Executive Order 2019-16. [ECF No. 39-1].[1] That order provides, in part, for the suspension of Underwood as sheriff and the appointment of Max Dorsey ("Dorsey") to serve as sheriff of Chester County until Underwood "is acquitted, or the indictment

---

[1] The court takes judicial notice of the executive order as a matter of public record. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (court may "properly take judicial notice of matters of public record"); Fed. R. Evid. 201(b).

2

is otherwise disposed of, or until a sheriff is elected and qualifies in the next general election for county sheriffs, whichever event occurs first." *See id.*

Plaintiff argues, and Defendants do not dispute, that Underwood has neither been convicted nor acquitted of the criminal charges that led to his suspension. *See also United States of America v. George Underwood, et al.,* C/A No. 0:19-420-JMC (D.S.C. 2019).[2] Additionally, Plaintiff argues, and Underwood agrees, that on January 5, 2021, Dorsey was sworn in as sheriff of Chester County, following his recent election. [*See* ECF No. 39 at 1, ECF No. 39-2, ECF No. 43 at 1]. On January 7, 2021, Plaintiff filed the instant motion to substitute Dorsey for Underwood for claims brought against Underwood in his official capacity. [ECF No. 39].

II.  Discussion

Fed. R. Civ. P. 25(d) provides:

> An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

---

[2] The court takes judicial notice of Underwood's criminal case. *See Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citation omitted). His trial is currently set to begin April 5, 2021. *United States of America v. George Underwood, et al.,* Cr. No. 0:19-420-JMC (D.S.C. 2019), ECF No. 189.

3

Automatic substitution is "merely a procedural device for substituting a successor for a past officeholder as a party" and "is distinct from and does not affect any substantive issues which may be involved in the action." Fed. R. Civ. P. 25 Advisory Committee Notes to 1961 amendment.

> As the Supreme Court explains:
>
>> In an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself. This is why, when officials sued in their official capacities leave office, their successors automatically assume their role in the litigation. The real party in interest is the government entity, not the named official.

*Lewis v. Clarke*, 137 S.Ct. 1285, 1291 (2017) (citations omitted); *see also Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). The officer's name is not even needed. *See* Fed. R. Civ. P. 17(d) ("A public officer who sues or is sued in an official capacity may be designated by official title rather than by name").

Defendants argue that because Underwood's suspension and Dorsey's appointment occurred prior to Plaintiff's filing this suit, Plaintiff should have named Dorsey then, with officer defendants further arguing that Plaintiff's attempts to do so now are untimely. [*See* ECF No. 43 at 2 n.1, ECF No. 44]. However, neither Underwood nor officer defendants offer any argument or case law in support of this argument.

It is undisputed, pursuant to Executive Order 2019-16, Underwood was suspended, but not removed, from his position as sheriff until his criminal case

was resolved or until a sheriff was elected, whichever occurred first. [ECF No. 39-1]. Now that Dorsey has been elected, Underwood is no longer suspended, but has ceased to hold the office of sheriff. Therefore, pursuant to Fed. R. Civ. P. 25(d), Dorsey, when he was elected, was automatically substituted in place of Underwood in his official capacity. *See King v. McMillan*, 594 F.3d 301, 309 (4th Cir. 2010) (recognizing, among other things, that Rule 25 is merely a procedural device for substituting a successor for a past officeholder).

Officer defendants argue "Underwood could not have been sued in his official capacity since he had been removed from office prior to the suit being filed," [ECF No. 44 at 1], but fail to provide any further argument or case law in support of this argument. *See Gulledge v. Smart*, 691 F. Supp. 947, 950 (D.S.C. 1988) (finding suspended and interim sheriffs both named in their official capacities); *see also* S.C. Const. art. VI, § 8 ("Any officer of the State or its political subdivisions, except members and officers of the Legislative and Judicial Branches, who has been indicted by a grand jury for a crime involving moral turpitude or who has waived such indictment if permitted by law may be suspended by the Governor until he shall have been acquitted. *In case of*

*conviction* the office shall be declared vacant and the vacancy filled as may be provided by law.") (emphasis added).[3]

Defendants offer additional arguments in opposition to Plaintiff's motion. Underwood argues any claims Plaintiff seeks to bring against Dorsey, in his official capacities, are barred by the Eleventh Amendment. [*See* ECF No. 43 at 2].[4] Officer defendants argue there are no viable claims against Dorsey in that the South Carolina Tort Claims Act bars any claims brought within two years of the date of the incident and the instant incident occurred on October 5, 2016, almost three years before Plaintiff filed his complaint on October 4, 2019. [*See* ECF No. 44 at 2 (citing S. C. Code Ann. §15-78-70)].[5]

---

[3] Because there is no indication that Underwood ceased to hold the office of sheriff prior to this suit being filed within the meaning of Fed. R. Civ. P. 25(d), the undersigned also rejects officer defendants' follow-on argument that Plaintiff is not seeking substitution, but, instead, is seeking to add Dorsey "well after the deadline to amend has expired." [ECF No. 44 at 1].

[4] Underwood also argues that any claims against him in his official capacity are likewise barred by the Eleventh Amendment. [ECF No. 43 at 2 n.2]. Plaintiff disagrees, arguing this immunity was waived when Defendants removed this action. [ECF No. 49 at 5 (citing *Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (addressing whether "a state waive[s] its Eleventh Amendment immunity by its affirmative litigation conduct when it removes a case to federal court."); ECF No. 1 (notice of removal joined by all defendants))].

[5] Plaintiff argues officer defendants are incorrect in that South Carolina provides a specific, extended, three-year statute of limitations for sheriffs sued in their official capacity. [ECF No. 49 at 4 (citing S.C. Code Ann. § 15-3-540 (providing that the statute of limitations is three years for "[a]n action against a sheriff . . . upon a liability incurred by the doing of an act in his official capacity and in virtue of his office or by the omission of an official duty . . .")].

Although Plaintiff argues Defendants' immunity and statute of limitations arguments fail on the merits, Plaintiff also argues "Rule 25(d) is automatic and not susceptible to 'futility' analysis." [ECF No. 49 at 4]. Defendants offer no case law in support of their position that immunity issues and statute of limitations concerns impact that "automatic" substitution, as provided in Rule 25(d), and it appears the limited case law addressing this issue holds otherwise. *See, e.g., Bevan v. Santa Fe Cty.,* C/A No. 15-73 KG/SCY, 2016 WL 9777157, at *4 (D.N.M. June 9, 2016) ("The Santa Fe Defendants argue that it would be futile to substitute Caldwell, in his official capacity, for Gallegos, in his official capacity, because the claims against Caldwell are subject to dismissal under Rule 12(b)(6). However, as noted above, Rule 25(d) provides for an automatic substitution, which has necessarily already taken effect."); *Mockler v. Skipper*, C/A No. 93-1117-FR, 1995 WL 489530, at *1 (D. Or. Aug. 15, 1995) (rejecting defendants' arguments that substitution should not occur because the sheriff in his official capacity is not subject to suit and claims are time barred, noting "there is no order in this record which dismisses all claims" against the sheriff in his official capacity, and holding, pursuant to Fed. R. Civ. P. 25, substitution should occur and "[t]he matter of whether the [sheriff] may be sued in his official capacity will be determined by the court if a motion is filed by the present defendant").

Here, too, the court has issued no order dismissing claims against the sheriff in his official capacity, be it Underwood or Dorsey or the office itself, and the court declines to address such issues until a proper motion is filed.

III.    Conclusion

For the foregoing reasons, Plaintiff's motion to substitute is granted. [ECF No. 39]. The Court of Clerk is directed to change the docket, retaining Underwood as a defendant, but only in his individual capacity, and adding Max Dorsey as a defendant, in his official capacity, as sheriff of Chester County.

IT IS SO ORDERED.

*Shiva V. Hodges*

February 23, 2021                           Shiva V. Hodges
Columbia, South Carolina            United States Magistrate Judge